NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BETTYE WASHINGTON, | No. 10-56523 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-05622-DDP-SS |
| v. | |
| CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted February 28, 2012[**]

Before:     LEAVY, THOMAS, and CHRISTEN, Circuit Judges.

Bettye Washington appeals pro se from the district court's summary

judgment in her employment action alleging race and disability discrimination and

retaliation under Title VII, the Americans with Disabilities Act ("ADA"), and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California's Fair Employment and Housing Act ("FEHA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Washington's race discrimination claim because Washington failed to raise a genuine dispute of material fact as to whether similarly situated individuals outside of her protected class were treated more favorably, and whether defendants' legitimate, non-retaliatory reasons for suspending and then discharging Washington were pretextual. *See id.* at 640 & n.5 (framework for analyzing disparate treatment discrimination claims).

The district court properly granted summary judgment on Washington's disability discrimination claims because Washington failed to raise triable dispute as to whether she was subjected to adverse employment actions because of her alleged disability, and whether defendants' legitimate, non-retaliatory reasons for suspending and then discharging Washington were pretextual. *See Snead v. Metro. Prop. & Cas. Ins. Co.,* 237 F.3d 1080, 1093 (9th Cir. 2001) (framework for analyzing a disability discrimination claim under the ADA); *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (elements of a prima facie case of discrimination under the ADA); *Faust v. Cal. Portland Cement Co.*, 58 Cal. Rptr.

3d 729, 745 (Ct. App. 2007) (framework for analyzing a disability discrimination claim under the FEHA).

The district properly granted summary judgment on Washington's retaliation claims because Washington failed to raise a triable dispute as to whether defendants' legitimate, non-retaliatory reasons for suspending and then discharging Washington were pretextual. *See Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1284 (9th Cir. 2001) (for retaliation claims under Title VII and the FEHA, circumstantial evidence of pretext must be specific and substantial).

Washington's remaining contentions are unpersuasive.

**AFFIRMED.**